David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Joshua Sharrar

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Joshua Sharrar | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| National Recovery Services, LLC | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Joshua Sharrar, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of National Recovery Services, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Somerton, State of Arizona.

13. Defendant is located in the City of Ottawa, in the State of Kansas.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime before October 11, 2011, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before October 11, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently disputes the validity of this alleged debt.

19. Subsequently, but before October 11, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about October 11, 2011, Defendant telephoned Plaintiff by calling Plaintiff's wife's cellular phone in an attempt to collect the alleged debt.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. During this October 11, 2011 call, Defendant left Plaintiff a voicemail.

23. In the voicemail, Defendant's agent failed to identify the company Defendant's agent was calling from. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

24. Defendant also failed to disclose in this initial communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

25. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

26. On or about October 17, 2011, Plaintiff returned the call of Defendant. During this conversation, Defendant refused to let Plaintiff dispute the debt, and made the threat they were "moving forward if payment is not made in 24 hours." When Plaintiff asked for clarification of Defendant's threat, Defendant implied they would initiate a lawsuit.

27. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

28. On or about October 18, 2011, Plaintiff called Defendant to request something in writing regarding the alleged debt and to dispute the debt.

29. During this conversation, Defendant refused to let Plaintiff dispute the debt. Defendant made statements including, "Your dispute will not have merit because you made two years of payments.

30. Plaintiff then explained the alleged two years of payments were actually unauthorized withdrawals made from his checking account while deployed in the military.

31. Defendant still refused to let Plaintiff dispute the debt, or explain that he could dispute the debt in writing. Instead Defendant claimed "There's no dispute. No merit to your dispute."

32. During this same conversation Defendant claimed there was "recourse against [Plaintiff] to legally secure the funds." Defendant then went on to say this was Plaintiff's "opportunity to resolve this account out of court," and Defendant was willing to "negotiate to avoid legal process."

33. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

35. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

36. Due to Defendant's abusive actions, Plaintiff suffered mental aguish type damages which manifested in symptoms including but not limited to: stress, anxiety, feelings of guilt, helplessness, embarrassment all impacting his job and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                                            **Hyde & Swigart**

Date: November 10, 2011                By:  */s/  David J. McGlothlin*
                                                                       David J. McGlothlin
                                                                       Attorneys for Plaintiff